IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00170-MR-WCM

| | |
|---|---|
| ERIC DEVON PARSONS ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED COLLECTIONS BUREAU, INC. ) | |
| *doing business as* UCB, Inc. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on 1) Plaintiff's Notice of Motion to Stay Proceedings Pending Decision on Motion to Remand (the "Motion to Stay," Doc. 7) and 2) a Motion for Extension of Time for Defendant to Answer or Respond to Plaintiff's Complaint (the "Motion for Extension," Doc. 12) filed by United Collections Bureau, Inc. ("Defendant").

I. Background

On August 25, 2022, Defendant removed this case from North Carolina state court, asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Doc. 1.

On September 1, 2022, Defendant's deadline to respond to Plaintiff's Complaint was extended through and including October 3, 2022. Doc. 5.

On September 2, 2022, Plaintiff filed a Notice of Motion to Remand and

for Costs, Expenses, and Fees (the "Motion to Remand," Doc. 6), which contends that subject matter jurisdiction is lacking. Doc. 6. Defendant has responded to the Motion to Remand, and Plaintiff has filed a notice indicating that he does not intend to reply. Docs. 8, 10.

On September 8, 2022, Plaintiff filed the Motion to Stay, which requests that the Court stay all proceedings in the case until after a ruling on the Motion to Remand has been issued. Doc. 7.

On September 22, 2022, Defendant responded to the Motion to Stay, stating that Defendant "agrees with Plaintiff's request that all proceedings be stayed pending the decision of this Court on the Motion to Remand." Doc. 9 at 1. Additionally, Defendant requests that, if the Court denies the Motion to Remand, Defendant's deadline to respond to Plaintiff's Complaint be set for fourteen days after the date of the Order denying the Motion to Remand. Id.

On October 3, 2022, Defendant filed the Motion for Extension, which again requests that Defendant's deadline to respond to Plaintiff's Complaint be extended to fourteen days from any Order denying the Motion to Remand, or until October 17, 2022, whichever is later. Doc. 12.

## II. Discussion

Plaintiff contends that the Court must consider the threshold issue of subject matter jurisdiction before reaching the merits of the parties' dispute. The undersigned agrees. See Steel Co. v. Citizens for a Better Env't, 523 U.S.

2

83, 88–89 (1998); Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).

Accordingly, in the exercise of discretion, the undersigned will relieve Defendant of the duty to respond to Plaintiff's Complaint until the Motion to Remand has been resolved by the District Court.

However, since Defendant's response deadline appears to be the only active deadline in the case at this time, a stay of the entire matter is unnecessary.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Notice of Motion to Stay Proceedings Pending Decision on Motion to Remand (Doc. 7) is **GRANTED IN PART** and the Motion for Extension of Time for Defendant to Answer or Respond to Plaintiff's Complaint (Doc. 12) is **GRANTED**.

2. Should the Motion to Remand be allowed, Defendant need not file a response in this Court before the matter is remanded to state court.

3. Should the Motion to Remand be denied, Defendant shall file an answer or other response to Plaintiff's Complaint no later than fourteen (14) days after the entry of the Order denying the Motion to Remand.

Signed: October 6, 2022

W. Carleton Metcalf
United States Magistrate Judge