# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00170-MR-WCM

| | |
|---|---|
| **ERIC DEVON PARSONS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF** |
| **UNITED COLLECTIONS BUREAU,** ) | **DECISION AND ORDER** |
| **INC.,** *doing business as* ) | |
| UCB, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand and Motion for Costs, Expenses, and Fees. [Doc. 6].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2022, Eric Devon Parsons ("Parsons") filed this action in state court in Cleveland County against United Collections Bureau, Inc. d/b/a UCB, Inc. ("UCB"), alleging that UCB committed both negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. [Doc. 1-1]. Specifically, Parsons alleges that UCB obtained his consumer

report[1] from Equifax without a permissible purpose as enumerated in the FCRA. [Id. at ¶¶ 33-62].

On August 25, 2022,[2] UCB filed a Notice of Removal to this Court, alleging that the case was removable pursuant to 28 U.S.C. § 1331 because it arose under a federal statute and thus posed a federal question. [Doc. 1]. On September 2, 2022, Parsons filed a Motion to Remand to state court. [Doc. 6]. On September 16, 2022, UCB filed a Response in Opposition to the Motion to Remand. [Doc. 8]. Parsons filed a Notice of No Intent to Reply to UCB's Response on September 22, 2022. [Doc. 10]. Thus, the matter has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a civil action from a state court if the action

---

[1] The FCRA defines a consumer report as: "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--
(A) credit or insurance to be used primarily for personal, family, or household purposes;
(B) employment purposes; or
(C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d).

[2] UCB was served with the Complaint on August 3, 2022; thus, removal is timely pursuant to 28 U.S.C. § 1446(b)(1). [Doc. 1-2].

2

Case 1:22-cv-00170-MR-WCM   Document 14   Filed 11/21/22   Page 2 of 7

is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The party seeking removal has the burden to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Federal courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting Mulcahey, 29 F.3d at 151). Therefore, courts must "resolve all doubts in favor of remand." Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

### III. DISCUSSION

Parsons argues that the case was improperly removed because the alleged violation of the FCRA is insufficient to confer Article III standing. [Doc. 6-1 at 4-5]. UCB argues that Parsons has alleged a concrete injury-in-fact. [Doc. 8 at 2-4]. Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Beck v. McDonald, 848 F.3d 262, 269 (4th Cir. 2017) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Id. (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013)).
3

Only such plaintiffs who have suffered a legally cognizable injury have Article III standing to sue. Garey v. James S. Farrin, P.C., 35 F.4th 917, 921 (4th Cir. 2022). "Congress may, of course, 'elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law.'" Id. (alteration in original) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 578 (1992)); see also Warth v. Seldin, 422 U.S. 490, 514 (1975) ("Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute." (citations omitted)). Congress's ability to identify and elevate previously unactionable injuries, however, does not mean that a plaintiff automatically suffers a legally cognizable injury "whenever a statute grants [the plaintiff] a statutory right and purports to authorize [the plaintiff] to sue to vindicate that right." Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016). Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." Id.; see also TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." (emphasis in original)).

4

To establish that a statutory violation "identifies an injury sufficient for standing purposes," the party invoking federal jurisdiction may "identif[y] a close historical or common-law analogue" for the plaintiff's asserted injury. Garey, 35 F.4th at 921 (quoting TransUnion, 141 S. Ct. at 2204). Such analogue must be a harm "for which courts have 'traditionally' provided a remedy." Id. (quoting TransUnion, 141 S. Ct. at 2204). "[A]n exact duplicate in American history and tradition," however, is not required. Id. at 922 (quoting TransUnion, 141 S. Ct. at 2204). Where a close historical or common-law analogue has been established, the plaintiff "has standing even if the precise injury would not, absent the statute, be sufficient for Article III standing purposes." Id. at 921.

Here, Parsons alleges that UCB accessed his consumer report without a permissible purpose. Although the Fourth Circuit has not yet addressed whether such a violation of the FCRA constitutes a concrete injury-in fact, other courts have reached that conclusion, noting that such an alleged violation is most closely related to the tort of invasion of privacy. See Persinger v. Sw. Credit Systems, L.P., 20 F.4th 1184, 1192 (7th Cir. 2021); Nayab v. Cap. One Bank (USA), N.A., 942 F.3d 480, 490-93 (9th Cir. 2019); In re Nickelodeon Consumer Priv. Litig., 827 F.3d 262, 273-74 (3d Cir. 2016). The court in Persinger noted that, of the four "theories of wrongdoing"

traditionally encompassed by the tort of invasion of privacy, accessing a consumer report, or information from that report, without a consumer's permission and without a proper purpose was most analogous to intrusion upon seclusion. Persinger, 20 F.4th at 1192. The Persinger court compared this unauthorized inquiry into a consumer's financial affairs as akin to the "unlawful inspection of one's mail, wallet, or bank account." Id. Further, although not in the context of the FCRA, the Fourth Circuit has recognized that invasion of privacy has "long provided a basis for recovery at common law" and has held that statutory violations closely related to the invasion of privacy are sufficiently concrete injuries to confer standing. Garey, 35 F.4th at 921-22.

Accordingly, the Court concludes that Parsons has sufficiently alleged a concrete injury-in-fact. Parsons alleges that, much like peering into another's bank account without his permission, UCB accessed his consumer information from Equifax without a proper purpose. Because of the close relationship between this alleged violation of the FCRA and the common law harm of invasion of privacy, Parsons's FCRA claim identifies an injury sufficient to support Article III standing. Therefore, the Motion to Remand is denied. As the action was properly removed, Parsons's Motion for Costs, Expenses, and Fees incurred as a result of the removal is also denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 6] is **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Costs, Expenses, and Fees [Doc. 6] is **DENIED.**

**IT IS SO ORDERED.**

Signed: November 21, 2022

Martin Reidinger
Chief United States District Judge