IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00170-MR-WCM

| | |
|---|---|
| ERIC DEVON PARSONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED COLLECTIONS BUREAU, INC. ) | |
| *doing business as* UCB, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on a Motion for Sanctions, or, in the Alternative, Motion to Compel Deposition (Doc. 28) filed by Defendant United Collections Bureau, Inc. ("Defendant") and a Motion to Compel Discovery (Doc. 33) filed by Plaintiff Eric Devon Parsons ("Plaintiff").

A hearing on these motions, along with a status conference, was conducted on August 23, 2023. At the conclusion of those proceedings, the Court issued oral rulings, which are memorialized by this Order.

I.   Status Conference

The Court heard from the parties regarding discovery that has been conducted and the limited discovery that remains to be completed. As it appeared that no steps had been taken to schedule a mediated settlement conference (subsequent to the designation of a mediator on February 22, 2023

1

(Doc. 25)), the parties were reminded that they have been directed to complete mediation by September 26, 2023, as stated in the Pretrial Order and Case Management Plan. Doc. 20.

## II. Defendant's Motion for Sanctions, or, in the Alternative, Motion to Compel Deposition

This Motion pertains to Defendant's attempts to take Plaintiff's deposition and Plaintiff's objections to those attempts, including his objections to an Amended Notice of Deposition that was served on June 27, 2023.

Defendant argues that the Amended Notice sufficiently complies with Rule 30(b)(1) of the Federal Rules of Civil Procedure. Plaintiff disagrees, though states that he is willing to give a deposition.

After conducting the status conference and receiving the parties' arguments regarding the pending Motions, the Court required Plaintiff and counsel for Defendant to confer on certain matters, including Plaintiff's deposition. When the case was recalled, the parties advised that they had identified potential dates for that proceeding.

Under these circumstances, the Court granted Defendant's Motion in part and directed that Plaintiff appear for a deposition, as described further below.

## III. Plaintiff's Motion to Compel Discovery

Through this Motion, Plaintiff requests that Defendant be ordered to

provide supplemental answers to Plaintiff's Interrogatories and Requests for Admission.

Though the deadline for Defendant to file a written response to this Motion had not expired as of the date of the hearing, both Plaintiff and defense counsel stated that they were prepared to be heard on the Motion. Consequently, the Court received arguments from both sides.

Having considered the Motion, the record, and applicable authorities, and having received the arguments of the parties, the Court granted the Motion in part, as stated below.

**IT IS THEREFORE ORDERED THAT:**

1. With respect to Defendant's Motion for Sanctions, or, in the Alternative, Motion to Compel Deposition (Doc. 28):

    a. The Motion is **GRANTED IN PART** and Plaintiff is **DIRECTED TO APPEAR** for a deposition in person at **9:00 AM** on **September 5, 2023** at a location to be chosen by defense counsel. The deposition will be taken pursuant to the Federal Rules of Civil Procedure.

    b. Otherwise, the Motion is **DENIED**, including that the undersigned declines to recommend that the presiding District Judge dismiss Plaintiff's claims for failing to appear previously for his deposition.

2. With respect to Plaintiff's Motion to Compel Discovery (Doc. 33):

   a. The Motion is **GRANTED IN PART** and Defendant is **DIRECTED TO SERVE**, on or before **August 29, 2023**:

      i. Supplemental answers to Plaintiff's Interrogatories 2 and 7 – 15, to the extent those Interrogatories ask for Defendant's "opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33.

      ii. Supplemental responses to Plaintiff's Requests for Admission.

   b. Otherwise, the Motion is **DENIED**.

3. To the extent the Rules of Civil Procedure require that the Court consider awarding sanctions, including attorney's fees and costs, in connection with the Motions, the Court, in its discretion, finds that such an award should not be made in favor of either side.[1]

Signed: August 24, 2023

W. Carleton Metcalf
United States Magistrate Judge

---

[1] During the hearing, the parties stated that they were not seeking monetary sanctions in connection with their respective Motions.